Jasen, J. (dissenting).
Although I agree with the majority that a remand is required here on the issue of apportionment of liability between defendants Esterly and Gull Contracting Co., Inc. — Mac Asphalt Construction Corp. (Kelly v. Long Is. Light. Co., 31 N Y 2d 25, 29), I would reverse the interlocutory judgment and grant a new trial upon the ground that the trial court erred in refusing to charge, as requested[1], on the *652 relationship and duties of the plaintiffs who were licensed drivers, and of the defendant, Charles Esterly, who was driving with a learner’s permit.
Section 501 (suhd. 4, par. b) of the Vehicle and Traffic Law in effect at the time[2], provided that “ [t]he holder of a learner’s permit shall not operate or drive a motor vehicle unless at all times under the immediate supervision and control of a driver at least eighteen years of age duly licensed. ” (Emphasis supplied.) Although it should be abundantly clear that public safety requires the supervision and control of learner-drivers in their operation of a motor vehicle by a licensed driver, nowhere in the charge did the court refer to this section and the respective duties and obligations placed upon a licensed driver accompanying the learner-driver. Throughout the court’s charge, the plaintiffs were referred to as ordinary passengers. *653 At no time did the court mention that passengers, such as the plaintiffs, who accompany a driver who has a learner’s permit to operate a motor vehicle, assume the risk of such driver’s inexperience. (Spellman v. Spellman, 309 N. Y. 663.) Certainly the court should have explained to the jury the relationship between the plaintiffs, as ¡licensed drivers, and the defendant, as a learner-driver. Nor can it be said that the court inadvertently omitted instructions on this crucial issue since five specific requests to charge were made on this point and declined by the court.
Accordingly, I would reverse the order of the Appellate Division and remit the action to the Supreme Court for a new trial.
Judges Gabrielli, Jones, Wachtler and Stevens concur in memorandum; Judge Jasen dissents and votes to reverse in an opinion in which Chief Judge Breitel concurs; Judge Babin taking no part.
Judgment modified by directing a trial of the issue of apportionment of liability between defendants Esterly and Gull Contracting Co., Inc.— MacAsphalt Construction Corp., or other proceedings in accordance with the memorandum herein, and, as so modified, affirmed, with one bill of costs to plaintiffs-respondents against defendants-appellants.

. The following requests to charge were made and denied by the court:
“Mr. Norton: Your Honor, I would respectfully request you to charge this jury that the relationship between a learner driver, and an operator, with a license, as to the obligations incumbent upon the operator with the license, his duties and obligations under the circumstances as they existed in this case.
“ The Court: On balance, I will decline.
*652 “Mr. Norton: May I have an exception, if your Honor please.
“ I would further request your Honor to charge the jury that a passenger riding with a driver, as in this ease, with knowledge of the driver’s experience, and acquiescing in what happened under the circumstances of this accident, cannot recover for any injury incident to the driver’s inexperience, incompetency, or recklessness.
“ The Court: I will decline except as so charged.
“ Mr. Norton: May I have another exception.
“ The Court': Mr. Garavente?
“Mr. Garavente: Your Honor, I would request your Honor to charge the jury that the holder of a learner’s permit shall not operate a motor vehicle unless at all times said motor vehicle is under the immediate supervision and control of a driver at least 18 years of age, duly licensed by the State of New York.
“ The Court: I will decline to so charge.
“ Mr. Garavente: The City further requests your Honor to charge that any person when instructing or accompanying another in the operation of a motor vehicle, pursuant to Section 501, shall be liable with him for any breach of this chapter, that is, the Motor Vehicle Law, or of any local ordinance, rule, or regulation.
“ The Court: I will decline to so charge.
“ Mr. Garavente: And the City further requests your Honor to charge that a licensed operator accompanying a person possessing a learner’s permit assumes the risk of the permittee’s inexperience or lack of skill in the operation of a ■motor vehicle.
“ The Court: I will decline to so charge.”

. The present law, amended in 1972 [L. 1972, ch. 780], still requires the" holder of a learner’s permit to be under the “ immediate supervision and control ota person at least eighteen years of age who holds a license valid in this state ”. (Vehicle and Traffic Law, § 501, subd. 5, par. [a], cl. [ii].)